**Hearst F. MILLS, Jr., Plaintiff,**

v.

**DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Defendant.**

**No. 91 CV 1949(SJ).**

United States District Court,
E.D. New York.

Nov. 18, 1991.

Hearst F. Mills, Jr., pro se.

U.S. Atty., Andrew Maloney by Paul T. Weinslein, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

Hearst F. Mills, Jr., a *pro se* litigant, brings this action alleging that the Department of Transportation, Federal Aviation Administration ("DOT") discriminated against him because of his physical handicap. He brings suit pursuant to the Rehabilitation Act of 1973, 29 U.S.C. Section 701 *et seq* which has been incorporated into Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* *See* 29 U.S.C. § 794(a); *see also, DiPompo v. West Point*

*Military Academy,* 708 F.Supp. 540, 544 (S.D.N.Y.1989). Defendant DOT now moves pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction because of Mills' failure to name the correct party defendant and to timely serve process. For the reasons given below, the motion to dismiss is denied and plaintiff is granted leave to amend his complaint.

## BACKGROUND

On February 13, 1989, plaintiff was removed from his position as an air traffic control specialist at the Morristown Air Traffic Control Tower, Morristown, New Jersey. In conjunction with his annual physical examination, the plaintiff was given a drug test in July 1988. The results of the test were positive for marijuana. On August 4, 1988, Mills had his medical certificate withdrawn, and on August 11, 1988, was issued a letter of proposed removal. The letter of proposed removal offered Mills the opportunity to enter a rehabilitation program and informed him that this would be taken into consideration in determining whether his medical clearance certificate would be reinstated. Mills agreed to enter rehabilitation and, after concluding his rehabilitation sessions, was given a drug test in conjunction with his back-to-work physical examination in December 1988. The result of that drug test was positive for cocaine. A retest of the sample again tested positive.

Mills appealed his February 13, 1989 removal to the Merit Systems Protection Board ("MSPB") alleging denial of procedural rights under 5 U.S.C. § 7513(b) and discrimination based on a handicapping condition. On October 3, 1989, the MSPB's New York Regional Office issued its initial decision affirming Mill's removal. Mills filed a petition for review of that decision with the full MSPB which was denied on May 1, 1991. Mills received the MSPB's final decision, along with a right-to-sue letter, on May 15, 1991. The right-to-sue letter indicated that Mills had 30 days to appeal the decision to a federal court.

Mills filed his complaint by hand in the Clerk's office in Uniondale along with a petition to proceed *in forma pauperis* on May 30, 1991. The Honorable Arthur D. Spatt signed the *in forma pauperis* petition that same day. The Uniondale Clerk's office then sent the complaint and the signed *in forma pauperis* petition to the Clerk of the Court in Brooklyn where it was officially stamped "filed" on May 31, 1991. Because plaintiff was proceeding *in forma pauperis*, the summons was prepared by the Pro Se Clerk for the Eastern District of New York and then given to the United States Marshals Service to be served. The summons and complaint were served by the U.S. Marshals upon the Department of Transportation and Department of Justice on July 3, 1991 and upon the United States Attorney General's Office and the United States Attorneys Office on July 5, 1991.

The defendant has moved to dismiss the complaint for failure to name the proper party as a defendant because Mills named the DOT and not the Secretary of Transportation (the "Secretary"). The defendant also argues that the plaintiff cannot now amend his complaint to substitute the Secretary as the proper defendant in this case on the grounds that any such amendment would be untimely under Fed.R.Civ.P. 15(c).

## DISCUSSION

Section 717(c) of Title VII, 42 U.S.C. § 2000e-16(c) provides that a federal employee must file his action within 30 days of receiving his right-to-sue letter from the MSPB and the employee must name "the head of the department agency or unit" as the defendant. Thus, the only proper party defendant in an employment is the Secretary of Transportation. Mills right-to-sue apprised him of the 30-day limitations but did not tell him that the Secretary must be named. Mills seeks to amend his complaint to have the Secretary as a party.

Under Fed.R.Civ.P. 15(c), an amendment adding a new party relates back to an original complaint only where the new defendant had actual notice of the institution of an original action within the statute of limitations period. Rule 15(c) further provides that this notice requirement is satisfied if, within the limitations period, service is made upon the United States Attorney or the United States Attorney's designee or the Attorney General of the United States or an agency or officer thereof. Any amendment to a complaint so served relates back to the original complaint. *See* Rule 15(c).

Because the earliest notice given to any such person was on July 3, 1991, defendant argues that notice of plaintiff's action did not occur prior to the expiration of the limitations period and may not be imputed to the Secretary. Thus, defendant asserts that any amended complaint may not relate back to the original complaint.

This court declines to dismiss the complaint on the above-stated rationale of DOT. Mr. Mills properly filed a complaint with the Clerk of the Court on May 30, 1991, roughly two weeks after he received notice of MSPB's decision. Because he is a *pro se* litigant proceeding *in forma pauperis*, federal law imposes upon the U.S. Marshals the duty to properly effect service. *See* 28 U.S.C. § 1915(a). We find that dismissal is inappropriate for a *pro se* litigant proceeding *in forma pauperis* and who has relied, as he must, on the United States Marshal for proper service of process. Mr. Mills acted as diligently as could be expected under the circumstances and then reasonably relied on the process authorized by statute and implemented by officers of the court.

Under the doctrine of equitable modification, *see Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196, *reh'g denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984), the court finds that the 30-day limitations period was equitably tolled once Mills properly filed the complaint and entrusted it with the Pro Se Clerk and, thereafter, to the U.S. Marshal Service. Service of the original complaint therefore was timely.

## CONCLUSION

The motion to dismiss is denied and plaintiff is granted leave to amend his complaint.

SO ORDERED.